Raymond
CÁTALA–FONFRÍAS, Plaintiff,

v.

Dr. Luis IZQUIERDO–MORA, Secretary of Health of the Commonwealth of Puerto Rico, Dr. John Doe, Medical Director of the University Hospital of the Health Department of the Commonwealth of Puerto Rico, Dr. Garcia Palmieri, Chief Cardiologist of the University Hospital, Dr. Pablo I. Altieri, Chief Cardiovascular Invasive Laboratory of the University Hospital, Drs. Krenshaw Rivera and Marshall Cardiologists of the University Hospital, Defendants.

Civ. No. 88–1569CCC.

United States District Court,
D. Puerto Rico.

July 27, 1990.

in the deportation proceedings. *See* Exhibits C and D of Emergency Motion.

Raymond Cátala–Fonfrías, Terre Haute, Ind., pro se.

Héctor Rivera–Cruz, Secretary of Justice, Com. of P.R. by Juan R. González–Muñoz, San Juan, Puerto Rico, for Dr. Luis Izquierdo–Mora.

David Rivé–Rivera, Vargas & Rivé, Hato Rey, Puerto Rico, for Dr. Mario García Palmieri.

Edda Serrano–Blasini, Law Office of Benjamín Acosta, Jr., San Juan, Puerto Rico, for Dr. Pablo Altieri.

Ricardo L. Rodríguez–Padilla, Old San Juan, Puerto Rico, for Dr. Grenshaw Rivera and Dr. E. Marshall.

## ORDER

CEREZO, District Judge.

We have before us various motions by plaintiff Raymond Cátala–Fonfrías asking that the Court issue a writ of habeas corpus ad testificandum requesting that the warden of the prison wherein he is detained bring him before this Court for pretrial proceedings and eventually the trial at bar. Magistrate Roberto Schmidt–Monge in a Report and Recommendation (docket entry 58) recommended that the motion be granted. (See also docket entries 65 and 83.) Plaintiff also requests that the defendants or the U.S. Government foot the bill for his discovery and the contracting of medical advisors and expert witnesses pursuant to 18 U.S.C. § 3006A(a) or 28 U.S.C. § 1821 as well as other expenses.[1]

This civil rights action was brought for injunctive relief and damages against the defendants, who allegedly were refusing to make arrangements for plaintiff's coronary surgery while he was in custody of the Commonwealth of Puerto Rico's prison system. The Court granted the injunctive relief and plaintiff was sent to Texas where the life-saving surgery was performed by the medical team of his choice, at the Commonwealth's expense. See Court's Order of September 20, 1989 (docket entry 10). What remains is the issue of monetary damages.

Section 3006A(a) of Title 18 U.S.C. authorizes the expenditure for an indigent defendant of expenses incurred in the development of his criminal defense. In the case at bar, Mr. Cátala–Fonfrías is a civil plaintiff, not a criminal defendant. Courts generally may not authorize commitment of federal funds to underwrite necessary expenditures of an indigent civil litigant's action. *Haymes v. Smith*, 73 F.R.D. 572 (W.D.N.Y.1976). The cause of action does not arise out of Cátala–Fonfrías' federal confinement, nor is it brought against federal defendants. We do not believe the action is an appropriate one in which the federal fisc should bear the financial burdens associated with plaintiff's litigation merely because he is at the present time in their custody.

The district court has the power, to be exercised with discretion, to compel production of an incarcerated party or witness from anywhere in the country through use of the writ of habeas corpus ad testificandum. *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir.1976). The prisoner, however, has no constitutional right to be produced as a witness or be present at his own civil rights action. *Id.* Inasmuch as plaintiff has been granted his primary remedy, the court will not, on the record before it, require the defendants to pay a priori the costs, extensive as they would be, for the case support required by Cátala–Fonfrías.

Accordingly, plaintiff's various motions[2] which would require the U.S. Government and/or defendants to pay extraordinary costs of transporting and or housing plaintiff and/or any witnesses, or requiring defendants to incur in any extraordinary expenses resulting from the fact of Cátala–Fonfrías' custody, are hereby DENIED. Plaintiff's motion to be brought to Puerto

---

**1.** See plaintiff's Motion Requesting Leave for Deposition Upon Oral Examination Pursuant to Rule 30 F.R.C.P. (docket entry 84); Motion Requesting Leave e/or Permission from the Court to Contract the Services of Medical Expert(s) as Advisors and Expert Witnesses (docket entry 85); Petitions for Writ of Habeas Corpus Ad Testificandum (docket entries 90 and 91).

**2.** Docket entries 84, 85, 90 and 91.

Rico for pretrial proceedings is DENIED insofar as it would require the U.S. Government to incur in transportation and housing expenses for the plaintiff and accompanying Marshals. If plaintiff is prepared to incur in all of these expenses or find a sponsor to pay them, the Court would reconsider the motion.

The parties are advised that all discovery should be carried out by correspondence and by telephone. Plaintiff is advised that, if he believes the remaining cause of action is meritorious, he should seek to engage the services of one of his colleagues in Puerto Rico on a contingency basis, to help facilitate the further litigation of this case.

SO ORDERED.